IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICRT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 7:16-CV-00026 |
| v. | ) ) | |
| | ) | **COMPLAINT** |
| TWO HAWK EMPLOYMENT SERVICES, LLC, | ) ) | **JURY TRIAL DEMAND** |
| | ) | |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (the "ADA"), to correct unlawful employment practices on the basis of disability and pursuant to Title I of the Civil Rights Act of 1991, to provide appropriate relief to Nicole Bullard ("Bullard"). As alleged with greater particularity in paragraphs 12 through 36 below, the Equal Employment Opportunity Commission (the "Commission") alleges that Two Hawk Employment Services, LLC ("Defendant") made a pre-employment medical inquiry of Bullard when she applied for employment, which violated the ADA. The Commission further alleges that Defendant failed to hire Bullard because of her response to the illegal pre-employment medical inquiry and because Defendant perceived Bullard as having a disability. In addition, the Commission alleges that Defendant destroyed applications in violation of Commission regulations applicable to employers who are subject to the ADA.

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Two Hawk Employment Services, LLC has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Lumberton, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7), which incorporates by reference Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURE

7. More than thirty days prior to the institution of this lawsuit, Nicole Bullard filed a charge with the Commission alleging violations of the ADA by Defendant.

8. On August 10, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA had been violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On December 23, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

Illegal Medical Inquiry

11. On or about May 30, 2013 and on or about June 26, 2013, Defendant engaged in unlawful employment practices at its facility in Lumberton, North Carolina, and at another facility in Maxton, North Carolina, in violation of Section 102(d) of Title I of the ADA, 42 U.S.C. § 12112(d), as more fully described below.

12. On or about May 23, 2013, Bullard submitted an application for employment to Defendant. Bullard applied for positions with Defendant at the Campbell Soup facility in Maxton, North Carolina.

13. On or about May 30, 2013, Bullard was interviewed by Defendant. At the time of her interview, Bullard was required to fill out a Medical History Form which asked Bullard to identify medical conditions she has or had in the past. The Medical History Form also asked

Bullard whether she was taking any medications that might affect her ability to perform the essential functions of the job, whether she had physical or mental conditions that require accommodation, and whether she had any restrictions in activity.

14. In addition on May 30, 2013, Bullard was required to complete a Job Description/Essential Functions Worksheet, which asked the following questions:

> Do you have any back problems or have you sustained any back injuries?
> Have you ever had any serious medical problems, including, but not limited to, carpal tunnel syndrome?

15. At the time Bullard was interviewed and answered the questions contained on the Medical History Form and Job Description/Essential Functions Worksheet, Bullard did not have an offer of employment from Defendant.

16. Defendant scheduled Bullard to participate in a tour of the Campbell Soup facility on June 26, 2013.

17. On or about June 26, 2013, Bullard toured the Campbell Soup facility. While at the facility, Defendant required Bullard to fill out another Medical History Form, which was the same form Bullard filled out on May 30, 2013. The Medical History Form asked Bullard to identify medical conditions she has or had in the past. The Medical History Form also asked Bullard whether she was taking any medications that might affect her ability to perform the essential functions of the job, whether she had physical or mental conditions that require accommodation, and whether she had any restrictions in activity.

18. On or about June 26, 2013, Bullard disclosed on the Medical History Form that at that time, she was taking two prescription medications – one to aid in sleeping and one for numbness in an extremity.

19. On or about June 26, 2013, when Bullard toured the Campbell Soup facility and

4

Case 7:16-cv-00026-FL    Document 1    Filed 02/22/16    Page 4 of 9

filled out the second Medical History Form, Bullard did not have an offer of employment from Defendant.

20. Based on the foregoing, Defendant made illegal pre-employment medical inquiries of Bullard in connection with its application process, in violation of the ADA.

Failure to Hire

21. On or about July 10, 2013, Defendant engaged in unlawful employment practices at its facility in Lumberton, North Carolina, in violation of Section 102(a) and (b) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b), as more fully described below.

22. On or about June 26, 2013, Bullard disclosed on Defendant's Medical History Form that she was taking two prescription medications. Bullard submitted the Medical History Form to Defendant during Defendant application process for a position with Defendant at Campbell Soup.

23. On or about June 27, 2013, Bullard attended an orientation session for potential Campbell Soup employees at Defendant's facility. After the orientation session, Bullard was instructed to report to Campbell Soup on July 9, 2013 for orientation.

24. Defendant had made Bullard a conditional offer of employment by the time she reported to Campbell Soup on July 9, 2013. Bullard's employment was contingent on the existence of a vacant position and passing a physical.

25. On or about July 9, 2013, Defendant requested, and Bullard provided, information about Bullard's medications. Defendant told Bullard she would receive a call from Defendant with her start date within two weeks.

26. On or about July 10, 2013, Bullard received a call (voicemail) from a customer service representative of Defendant. During the call, Defendant informed Bullard it would not

hire her because she did not pass a "pre-screening test."

27. Bullard called more than one of Defendant's representatives to inquire about what part of the "pre-screening test" she did not pass but Defendant's representatives would not give Bullard any further information.

28. During the Commission's investigation of Bullard's charge of discrimination, Defendant stated that it did not hire Bullard because of safety-related concerns based on the medications Bullard disclosed on the Medical History Form.

29. During the several weeks following July 10, 2013, Defendant had positions available that Bullard qualified for and into which Bullard would have been placed.

30. Based on the foregoing, Defendant failed to hire Bullard because of her responses to the illegal pre-employment medical questions during Defendant's application process in violation of the ADA. Further, Defendant failed to hire Bullard because Defendant perceived her as having a disability in violation of the ADA.

31. The effect of the practices complained of above has been to deprive Nicole Bullard of equal employment opportunities and otherwise adversely affect her status as an applicant for employment, because of her disability.

32. The unlawful employment practices complained of above were intentional.

33. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Nicole Bullard.

Failure to Preserve Employment Records

34. Since at least May 23, 2013, Defendant has failed, in violation of Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether

unlawful employment practices have been or are being committed.

35. Specifically, since at least May 23, 2013, Defendant has failed to retain applications for one year as required by the Commission's recordkeeping regulations, in violation of 29 C.F.R. § 1602.14. On information and belief, from at least May 23, 2013 until around July 2014, Defendant routinely destroyed applications in less than one year after they were received.

36. More specifically, since at least May 23, 2013, Defendant has failed to retain other documents related to hiring for one year as required by the Commission's recordkeeping regulations, in violation of 29 C.F.R. § 1602.14. On information and belief, from at least May 23, 2013 until around July 2014, Defendant routinely destroyed other documents related to hiring in less than one year after they were made or received.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from making illegal pre-employment medical inquiries during its application process.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against individuals because of their disabilities, including discrimination in hiring, firing, and any other employment practice which discriminates on the basis of disability.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and applicants for employment, and which eradicate the effects of its past and present unlawful employment

practices.

D. Order Defendant to make whole Nicole Bullard, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to hiring or front pay in lieu thereof.

E. Order Defendant to make whole Nicole Bullard by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

F. Order Defendant to make whole Nicole Bullard by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and loss of civil rights, in amounts to be determined at trial.

G. Order Defendant to pay Nicole Bullard punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

H. Order Defendant to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, including but not limited to applications, in accordance with Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c).

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 22nd day of February, 2016.

        Respectfully submitted,

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION

        P. DAVID LOPEZ
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        Equal Employment Opportunity Commission
        131 M Street, NE
        Washington, D.C. 20507

        /s/ Lynette A. Barnes
        LYNETTE A. BARNES
        Regional Attorney

        YLDA MARISOL KOPKA
        Supervisory Trial Attorney
        Charlotte District Office
        129 W. Trade Street, Suite 400
        Charlotte, N.C. 28202

        /s/ Zoë G. Mahood
        ZOË G. MAHOOD
        NC Bar No. 21722
        Senior Trial Attorney
        Raleigh Area Office
        434 Fayetteville Street, Suite 700
        Raleigh, NC 27601
        Phone: (919) 856-4180
        Fax: (919) 856-4156
        zoe.mahood@eeoc.gov

        ATTORNEYS FOR PLAINTIFF