# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION
# CIVIL ACTION NO. 7:16-CV-00026

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CONSENT DECREE |
| TWO HAWK EMPLOYMENT SERVICES, LLC | ) ) ) ) | |
| Defendant. | ) ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 107(a) of Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12117(a) (the "ADA"), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged Defendant Two Hawk Employment Services, LLC ("Defendant") made a pre-employment medical inquiry of Nicole Bullard in violation of the ADA when Bullard applied for employment with Defendant. The complaint further alleged Defendant failed to hire Bullard because of her responses to the illegal medical inquiry. Finally, the Commission alleged Defendant destroyed Bullard's application in violation of Commission regulations applicable to employers who are subject to the ADA. Defendant has not yet answered the complaint and has not admitted any of the allegations asserted against it. The Commission does not disavow the allegations contained in its Complaint.

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the

parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 18 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of disability or any other protected category within the meaning of the ADA, by making illegal medical inquiries during its application process or failing to hire a person because he or she discloses that he or she is taking legally prescribed medications.

2. Defendant shall not make pre-offer medical inquires of applicants during its application process.

3. Defendant shall make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, including but not limited to applications, in accordance with Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c).

4. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under the ADA or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

5. Defendant shall pay Nicole Bullard the sum of Thirty Thousand Dollars ($30,000) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Nicole Bullard. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to Nicole Bullard at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall send to the Commission, a copy of the check and proof of its delivery to Nicole Bullard. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Nicole Bullard may or may not incur on such payments under local, state and/or federal law.

6. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall eliminate from its candidate file for Nicole Bullard, any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 846-2013-43260 and the related events that occurred thereafter, including this litigation. Nothing herein prevents Defendant from maintaining a separate legal file related to the EEOC proceedings in this matter or the litigation filed by EEOC against it. Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

7. Within ninety (90) days of the entry of this Consent Decree by the Court, Defendant shall adopt and implement a formal, written anti-discrimination policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including the ADA and its prohibition against illegal medical inquiries and disability discrimination, including failure to hire because of disability; procedures for reporting discrimination; and a procedure for the thorough and immediate

investigation of employee complaints of discrimination.  The policy shall be posted on Defendant's website in the same place that Defendant currently posts other employee policies.  Defendant will also include the policy in its Employee Handbook which will be distributed to each new hire at the time of hiring.  Defendant will review the policy with each new hire at the time the Employee Handbook is distributed to the newly hired employee.  Within one hundred (100) days of the entry of this decree, Defendant shall report compliance to the Commission.

8. During the term of this Consent Decree, Defendant shall post a copy of the policy described in paragraph 7, *supra*, in their Lumberton corporate office as well as all branch offices in a place where it is visible to employees, including both permanent and temporary employees.  If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy.

9. During the term of this Consent Decree, Defendant shall provide an annual training program to all of its Lumberton corporate office and branch office staff.  Each training program shall include an explanation of the requirements of the ADA and its prohibition against illegal medical inquires.  Each training program shall also review which employment records are required to be preserved pursuant to the ADA and Title VII of the Civil Rights Act of 1964.  Each training program shall also include an explanation of Defendant's policy referenced in paragraph 7 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of this Consent Decree by the Court.  Each subsequent training program shall be conducted at approximately one-year intervals.  At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to

EEOC-CTDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

10. Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Consent Decree, in a place where it is visible to employees at the Lumberton corporate office location and all branch offices. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

11. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

        A.        For each person not hired due to a physical or mental impairment or use of a legally prescribed medication, provide such person's name, address, telephone number, position applied for, and social security number; whether the individual disclosed a legally prescribed medication or medical condition to Defendant or Defendant was otherwise aware that the individual was taking legally prescribed medications or was otherwise aware of the individual's medical condition; and specific reason why the individual was not hired.

        B.        For each person identified in 11.A above, provide the identities of all persons involved in the decision denying the individual employment with Defendant.

C. For each individual identified in 11.A. above, provide copies of any medical examination or inquiry made by or on behalf of Defendant.

D. A certification that Defendant has not requested medical information from any applicant for employment.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

12. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's facilities and worksites, interview employees and examine and copy documents.

13. If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have twenty (20) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of twenty (20) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

14. The term of this Consent Decree shall be for three (3) years from its entry by the Court.

15. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Harvey Godwin, Jr. at Harvey.godwin@twohawk.net. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide contact information for a new designated point of contact within ten (10) days of the change.

16. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-

monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

17. Each party shall bear its own costs and attorney's fees.

18. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

| | |
|---|---|
| June 2, 2016 | _____ |
| Date | Judge, U.S. District Court |
| | Eastern District of North Carolina |

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff | TWO HAWK EMPLOYMENT SERVICES, LLC, Defendant |
| P. DAVID LOPEZ<br>General Counsel | /s/ Amy Jenkins_____<br>AMY JENKINS<br>N.C. State Bar No. 20007 |
| JAMES L. LEE<br>Deputy General Counsel | McAngus, Goudelock & Courie<br>735 Johnnie Dodds Blvd., Suite 200<br>Mt. Pleasant, SC 29464 |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel | Amy.Jenkins@mgclaw.com<br>Phone: (843) 576-2900<br>Fax: (843)-534-0605 |

/s/Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney

YLDA MARISOL KOPKA
Supervisory Trial Attorney
129 West Trade Street, Suite 400
Charlotte, N.C. 28202

/s/ Zoë G. Mahood
ZOË G. MAHOOD
N.C. State Bar No. 21722
Senior Trial Attorney
Raleigh Area Office
434 Fayetteville Street, Suite 700
Raleigh, NC 27601-1701
Zoe.Mahood@eeoc.gov
Phone: (919) 856-4080
Fax: (919) 856-4156

**EXHIBIT A**       IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                            SOUTHERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 7:16-cv-00026 |
| v. ) | |
| ) | **EMPLOYEE NOTICE** |
| TWO HAWK EMPLOYMENT ) | |
| SERVICES, LLC ) | |
| ) | |
| Defendant. ) | |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Two Hawk Employment Services, LLC in a case of discrimination based on disability. Specifically, the EEOC alleged that Two Hawk Employment Services, LLC asked applicants illegal medical inquiries in violation of the Americans with Disabilities Act (the "ADA") and failed to hire Nicole Bullard because she disclosed a disability in response to an illegal medical inquiry. As part of the settlement, Two Hawk Employment Services, LLC agreed to pay monetary damages to Nicole Bullard and to take other action set out in the Consent Decree resolving this matter.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older), disability or genetic information.

3. Two Hawk Employment Services, LLC will comply with such federal law in all respects. Furthermore, Two Hawk Employment Services, LLC will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U.S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2019.

9